1  CHAD GREESON (SBN 251928)
   LITTLER MENDELSON P.C.
2  Treat Towers, Suite 600
   1255 Treat Boulevard
3  Walnut Creek, CA 94597
   Telephone: (925) 932-2468
4
   Email: cgreeson@littler.com
5

6  Attorneys for Defendant
   T-MOBILE US, INC.
7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10 PAULA ZAJONC, an individual; on behalf of     Case No.:
   themselves and all others similarly situated,
11                                               **DEFENDANT'S NOTICE OF REMOVAL**
                       Plaintiff,                **OF CIVIL ACTION TO FEDERAL COURT**
12
            v.                                   **[28 U.S.C. §§1332, 1441 & 1446]**
13
   T-MOBILE US, INC.; and DOES 1 through 10,     Complaint Filed:  September 27, 2024
14 inclusive,

15                     Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF PAULA ZAJONC AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant T-MOBILE US, Inc. ("Defendant"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court in the State of California for the County of Alameda to the United States District Court for the Northern District of California.[1] This removal is based on 28 U.S.C. sections 1441 and 1446. This Notice is based upon this Court's jurisdiction over the parties under 28 U.S.C. section 1332(d) (Class Action Fairness Act of 2005 or "CAFA"), and specifically, on the following grounds:

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice. Therefore, jurisdiction properly lies with this Court.

## II.    VENUE

2.    This action was filed in the Superior Court of California for the County of Alameda. Venue properly lies with the United States District Court for the Northern District of California as the district and division embracing the place where the Action is pending.  *See* 28 U.S.C. §§84(b), 1391, 1441, 1446.

## III.    PLEADINGS, PROCESS, AND ORDERS

3.    On or about September 27, 2024, Plaintiff Paula Zajonc ("Plaintiff") filed a putative Class Action Complaint ("Complaint") against T-Mobile US, Inc. and various Doe Defendants in

---

[1] Plaintiff erroneously names T-Mobile US, Inc. as the Defendant.  Plaintiff's actual employer was T-Mobile USA, Inc.  T-Mobile US, Inc. is the parent company of T-Mobile USA, Inc.

1    Alameda County Superior Court entitled *PAULA ZAJONC, an individual; on behalf of themselves*

2    *and all others similarly situated, Plaintiff, v. T-MOBILE US, INC., a corporation; and DOES 1*

3    *through 10, inclusive, Defendants*, designated as Case No. 24CV093263. A true and correct copy of

4    the Complaint is attached hereto as **Exhibit A**.

5        4.    The Complaint asserts the following causes of action: (1) failure to reimburse

6    business expenses, and (2) violation of California's Unfair Competition Act, Bus. & Prof. Code

7    §17200, *et seq*.  The allegations in the Complaint are incorporated into this Notice of Removal by

8    reference without admitting the truth of any of them.

9        5.    Pursuant to the Complaint, Plaintiff brings this class action "on behalf of herself, and

10    on behalf of all others similarly situated, and as a member of the Class defined as follows: All

11    current or former employees of Defendant who worked in California in any capacity who incurred

12    business expenses as a result of their performance of duties for Defendant while working from home

13    at any time during the statutory period covered by this Complaint to the present." *See* Exhibit A,

14    Cmplt. ¶ 12.

15        6.    Plaintiff further alleges that "Defendant also failed to reimburse other reasonable and

16    necessary expenses, not related to working from home," Cmplt. ¶ 10, and that she is seeking to

17    represent all employees who have been subject to any of Defendant's allegedly unlawful

18    reimbursement practices—not just those related to working from home expenses, *id.* ¶ 11. *Accord id.*

19    ¶ 17(b) (seeking restitution for any unreimbursed business expense).

20        7.    Attached hereto as **Exhibit B** are true and correct copies of the Summons issued by

21    the Court, Demand for Jury a Trial, Civil Case Cover Sheet, Alternative Dispute Resolution

22    Information Package, Notice of Case Management Conference and Order Re: Complex Case

23    Management Procedures, Notice of Case Assignment and Case Management Conference, which

24    were served on Defendant on October 2, 2024, along with a copy of the Complaint.

25        8.    On October 31, 2024, Defendant filed an Answer in the Alameda County Superior

26    Court and served a copy of that Answer on Plaintiff's counsel of record.  Attached hereto as **Exhibit**

27    **C** is a true and correct copy of Defendant's Answer.

28        9.    To Defendant's knowledge, no further process, pleadings, or orders related to this

case have been filed in the Alameda County Superior Court or served by any other party.   To Defendant's knowledge, no proceedings related hereto have been heard in the Alameda County Superior Court.

**IV.    TIMELINESS OF REMOVAL**

10.     The current petition for removal is timely filed as it is filed within 30 days of the date that Defendant first ascertained that the case is removable.  Under 28 U.S.C. section 1446(b), a defendant must file in the district court a notice of removal within 30 days after receipt of the first document in the state action that sets forth a removable claim. Where removability is uncertain, the 30-day period is measured from receipt by a defendant of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is removable.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

11.     Plaintiff served the state court Summons and Complaint upon Defendant's agent for service of process on October 3, 2024. This was the first document in the action that Defendant received setting forth a removable claim.  Therefore, the 30-day period for removal runs through November 4, 2024.  *See* 28 U.S.C. § 1446(b). Thus, removal of this action is timely. As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendant. Thus, Defendant's petition for removal is timely.

**V.    REMOVAL PURSUANT TO CAFA**

12.     CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).  Moreover, CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.  As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this notice.

13.     This Court has jurisdiction over this case under CAFA, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not

a state, state official or other governmental entity; (3) there is diversity between at least one class member and the sole named and served Defendant; and (4) the total amount in controversy for all class members exceeds $5 Million.

### A.    This Is a Putative Class Action

14.    Plaintiff filed this action as a putative class action. (Cmplt. ¶¶ 1, 12-21).

### B.    The Proposed Class Contains More Than 100 Members.

15.    28 U.S.C. section 1332(d)(5)(B) sets forth that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." This requirement is easily met in the case at bar.

16.    Plaintiff seeks to represent a class consisting of "All current or former employees of Defendant who worked in California in any capacity who incurred business expenses as a result of their performance of duties for Defendant while working from home at any time during the statutory period covered by this Complaint to the present." (Cmplt. at ¶ 4). Plaintiff asserts that the class contains "well over 1,000 Class members." (*Id.* ¶ 16).

17.    Plaintiff's Complaint was filed on September 27, 2024. (*See generally,* Complaint). Between September 27, 2020, and September 27, 2024, Defendant employed in excess of 14,500 employees in California. Approximately 1,500 of those employees had a designation of "CA-Remote" in Defendant's HR system. (*See* Declaration of Monica Frohock, attached as **Exhibit D**).

18.    Because Plaintiff's proposed class significantly exceeds 100 members, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C.    Defendant Is Not A Governmental Entity

19.    Under 28 U.S.C. section 1332(d)(5)(B), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

20.    Defendant is licensed to conduct business in California and is not a state, state official or other government entity exempt from the CAFA.

### D.    There Is Diversity Between At Least One Class Member And Defendant

21.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of

a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris,* 394 U.S. 332, 339-40 (1969). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

22.    Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship.  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).  At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California. (Cmplt. ¶ 2). At all relevant times, Plaintiff was employed by T-Mobile USA, Inc. in the State of California (*id.*), and Defendant is informed and believes that Plaintiff has remained a citizen of the state of California since her employment ended. Furthermore, the Complaint defines the class Plaintiff seeks to represent as "[a]ll current or former employees of Defendant who worked in California…" (Cmplt. ¶¶ 3, 12).

23.    Neither Defendant, T-Mobile US, Inc., nor Plaintiff's employer, T-Mobile USA, Inc., are citizens of California. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

24.    Defendant T-Mobile US, Inc. is incorporated under the laws of the State of Delaware and, pursuant to 28 U.S.C. § 1332(c)(1), Defendant T-Mobile US, Inc. is therefore a citizen of the State of Delaware. (Exhibit D at ¶ 4). Similarly, T-Mobile USA, Inc. is also incorporated under the laws of the State of Delaware, and is thus, a citizen of the State of Delaware. *Id*. at ¶ 5.

25.    Defendant T-Mobile US, Inc. and T-Mobile USA, Inc. are also citizens of the State of

Washington because a corporation is deemed to be a citizen of the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *see also* Exhibit D at ¶ 4.  As clarified by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), Section 1332(c)(1)'s use of "the phrase 'principal place of business' refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center." *Id.* at 80-81. Except in unusual circumstances, a corporation's corporate headquarters is its nerve center. *Id.* at 93-94. Similarly, T-Mobile USA, Inc. is also a citizen of the State of Washington because that it where it holds its principal place of business. (Exhibit D at ¶ 5).

26.    Both Defendant T-Mobile US, Inc. and T-Mobile USA, Inc. maintain its corporate headquarters in Washington. (Exhibit D at ¶¶ 4-5).  Key executives of Defendant T-Mobile US, Inc. and T-Mobile USA, Inc. are domiciled at the Company's Bellevue, Washington headquarters. *Id.* Defendant T-Mobile US, Inc. and T-Mobile USA, Inc.'s strategies and operational goals and initiatives are developed and adopted in the Washington headquarters. *Id.* Bellevue, Washington is the actual center of direction, control and coordination for Defendant T-Mobile US, Inc. and T-Mobile USA, Inc.'s operations. *Id.* Under the applicable standard, T-Mobile US, Inc. and T-Mobile USA, Inc.'s principal place of business is indisputably located in the State of Washington.

27.    Defendants Does 1 through 10 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants.  Pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

28.    Accordingly, the named Plaintiff is a citizen of a State different from Defendant, and diversity exists for purposes of CAFA jurisdiction.  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.    The Total Amount In Controversy Exceeds $5,000,000[2]**

29.    This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5 Million.  28 U.S.C. § 1332(d).

30.    The standard for establishing the amount in controversy under CAFA is the preponderance of the evidence standard.  *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, at 977 (9th Cir. 2013). In *Rodriguez*, the Ninth Circuit confirmed that the "legal certainty" standard articulated in *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007) was "effectively overruled" by the Supreme Court's holding in *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).  *Id.* at *18.  Further, as one district court held:

> Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the Plaintiff's claims for damages.'" When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met.

*Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014).

31.    Solely for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on his claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [defendant's] liability." *Lewis*, 627 F.3d at 400 (9th Cir. 2010). Stated differently, the ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what defendants might actually owe. *Rippee v. Boston*

---

[2] Defendant expressly denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties, Defendant alleges the amount in controversy for the sole purpose of establishing this Court's jurisdiction. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

1  *Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Investments,*
2  *Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the
3  amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount
4  of damages at trial because they are only estimating the amount in controversy).

5      32.    The removal statute requires that a defendant seeking to remove a case to federal
6  court must file a notice "containing a short and plain statement of the grounds for removal." 28
7  U.S.C. § 1446(a). The United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v.*
8  *Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in section 1446(a), a defendant's
9  notice of removal need include only a plausible allegation that the amount in controversy exceeds
10  the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of
11  the notice of removal is supporting evidence required.  *Id.*  Otherwise, "the defendant's amount in
12  controversy allegation should be accepted" just as plaintiff's amount in controversy allegation is
13  accepted when a plaintiff invokes federal court jurisdiction.  *Dart Cherokee Basin Operating*
14  *Company LLC*, 135 S. Ct. at 553. "[N]o antiremoval presumption attends cases invoking CAFA."
15  *Id*. at 554.

16      33.    Here, Plaintiff does not allege the amount in controversy, but based on the allegations
17  in Plaintiff's Complaint and reasonable assumptions, the amount in controversy easily exceeds
18  $5,000,000.  *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015) ("[W]hen the
19  defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof [as
20  to CAFA's amount-in controversy requirement], the chain of reasoning and its underlying
21  assumptions must be reasonable.").

22      34.    Plaintiff seeks to recover reimbursement of business expenses for herself and all
23  members of the Class, prejudgment interest, cost of suit, and attorneys' fees, among other damages
24  for alleged failure to reimburse employees for reasonable and necessary business expense. (Cmplt.,
25  Prayer for Relief).  She asserts both a claim for work-from-home expenses and other expenses, either
26  of which easily satisfies the $5,000,000 minimum.

27      **1.    *Amount in Controversy – Remote Work Expense Reimbursement Claim***

28      35.    Plaintiff's Complaint alleges that Defendant "failed to properly reimburse expenses

for employees, including Plaintiff, who worked from home. Following the outbreak of the coronavirus pandemic in or about March 2020, Defendant had its employees work from home. Defendant, however, failed to reimburse Plaintiff and the Class for reasonable and necessary business expenses incurred while working from home, including during the coronavirus pandemic." (Cmplt. at ¶ 9).

36.     Specifically, Plaintiff and the Class incurred the following expenses: "internet, phone, telecommunication/home office equipment (e.g., computers, printers, scanners, monitors, and headsets), personal computer usage, office supplies, utility bills, and/or fair rental value of space used for home office." (*Id.*).

37.     Plaintiff further alleges that she and the Class were subject to "common policies, practices and/or procedures regarding reimbursement of reasonable and necessary expenses." (Cmplt. at ¶ 8). She accordingly alleges a 100% violation rate. *See, e.g.*, *Mejia v. DHL Express (USA), Inc.,* 2015 U.S. Dist. LEXIS 67212, *10-11 (C.D. Cal. May 21, 2015) (holding 100% violation rate may be based on allegations of uniformly adopted and maintained policies).

38.     Between September 27, 2020, and September 27, 2024, there are in excess of 1,500 California employees that had, at one point during the class period, a "CA-Remote" work location designation in T-Mobile's HR system, and, during that time, those employees worked at least 42,549 months with a "CA-Remote" designation. (Exhibit D at ¶ 6).

39.     Assuming an average value of $250.00 for the alleged incurred business expenses (internet, phone, telecommunication/home office equipment, computers, printers, scanners, monitors, headsets, personal computer usage, office supplies, utility bills, and/or fair rental value of space used for home office), the amount placed in controversy for Plaintiff's business expense claim is **$10,637,250.00**. *See Fox v. Eclear Int'l Co. Ltd.*, No. CV 17-0865 AS, 2018 WL 6118525, at *9 (C.D. Cal. June 13, 2018) (determining that employer should reimburse employee $250 per month for the use of her personal cell phone, printer, home office, and internet service).  Even assuming a conservative estimate of a 50% violation rate (which falls contrary to Plaintiff's allegation that "Plaintiff and similarly situated employees of Defendant w[ere] subject to common policies, practices and/or procedures regarding reimbursement of reasonable and necessary expenses…"), the

amount placed in controversy is **$5,362,625.00**. In the alternative, even assuming a conservative estimate of $150.00 per month, the amount placed in controversy for Plaintiff's business expense claim is **$6,382,350.00**.

40.     Certain T-Mobile employees also had the option to work at home during the COVID pandemic from approximately September 27, 2020 (i.e., the start of the alleged liability period) until up to April 3, 2022, when most employees were required to return to in-office work.[3]  During that period, Defendant employed at least *another* approximately 1,510 employees who had the option to work at home even though they were not designated a "remote" employee. (Exhibit D at ¶ 9). Assuming the above referenced cost of $250 per month for alleged unpaid work-from-home expenses, the amount in controversy for this claim is at least **$1,700,000.00** ($250 * ~6,800 months).

41.     Of course, the total would grow yet higher by including remote-work expenses for employees who work both in an office and at home (including but not limited to employees with "hybrid" work schedules).

### 2.     *Amount in Controversy – Other Unreimbursed Expenses*

42.     Moreover, Plaintiff alleges that all California employees incurred unreimbursed expenses not related to working from home pursuant to T-Mobile's alleged consistent practice of not reimbursing those expenses. (Cmplt. at ¶ 9). Assuming that those amounts totaled even a conservative estimate of $15 per month for the greater than 14,500 total California employees over the relevant limitations period, that would add another **$5,082,600** to the amount in controversy ($15 x ~338,840 months worked during the limitations period).

### 3.     *Amount in Controversy – Plaintiff's Attorneys Fees*

43.     Plaintiff also seeks attorneys' fees (Cmplt., Prayer for Relief) which are included in the amount in controversy since the California Labor Code allows recovery of such fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

---

[3] Many factors, including but not limited to line of business, local regulations, and personal circumstances, affected when employees were expected to return to the office.  (Exhibit D at ¶ 8).

44.     In California, it is not uncommon for an attorneys' fee award to be 25% to 33% of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless of whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

45.     The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'benchmark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery."). Adding those fees to the amount in controversy brings the total even higher.

### 4. *Amount in Controversy – Conclusion*

46.     As set forth above, CAFA's amount in controversy requirement is satisfied by just examining T-Mobile's fully remote workforce, which only encompasses a portion of the claims pled in the Complaint. Based on the above calculations, Defendant T-Mobile's conservative estimate of the aggregate minimum amount in controversy for these claims is $12,337,250 *before* including Plaintiff's broad claim for other unreimbursed expenses as well as attorney's fees and costs.

| Alleged Failure to Reimburse Business Expenses | Amount in Controversy | With 33% Attorneys' Fees |
|---|---|---|
| Work for home expenses for "CA-Remote" employees. | $250.00 per month per class member = $10,637,250.00 | $14,147,542 |
| Work from home expenses for non- | $250.00 per month per class | $2,261,000 |

11.

| remote employees' work at home during the pandemic | member = $1,700,000.00 | |
|---|---|---|
| Expenses other than work from home expenses | $15.00 per month per class member = $5,082,600.00 | $6,759,858 |
| **Total** | | **$23,133,500** |

47.    In light of the above, there is no question that Plaintiff's claims exceed the jurisdictional minimum.  Accordingly, the "amount in controversy" requirement under CAFA is satisfied in this case.

## VI.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

48.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Alameda County Superior Court.

49.    Defendant reserves all defenses, including defenses as to sufficiency of service of process, personal jurisdiction, and arbitration.

Dated:     November 1, 2024

 s/ Chad Greeson
CHAD GREESON
LITTLER MENDELSON, P.C.
Attorneys for Defendant
T-MOBILE US, INC.

# EXHIBIT A

Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Trevor Weinberg, SBN 330778
tw@haffnerlawyers.com
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, California 91403
Tel: (213) 514-5681 / Fax: (213) 514-5682

Attorneys for Plaintiff Paula Zajonc, and all
others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
09/30/2024 at 12:00:00 AM
By: Milagros Cortez,
Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| PAULA ZAJONC, an individual; on behalf of themselves and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>T-MOBILE US, INC.; and DOES 1 through 10, inclusive,<br><br>  Defendant. | Case No. 24CV093263<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1. FAILURE TO REIMBURSE BUSINESS EXPENSES; and**<br><br>**2. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT, BUS. & PROF. CODE §17200,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Paula Zajonc ("Plaintiff") is informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1.      This is a California state-wide class action arising out of Defendant T-Mobile US, Inc.'s ("Defendant" or "T-Mobile") failure to reimburse business expenses incurred by Plaintiff and class members, including while working from home during the coronavirus pandemic among other times. Plaintiff seeks among other things, all wages, restitutionary disgorgement, and statutory penalties.

## PARTIES

2.      Plaintiff Paula Zajonc was, at all relevant times, a resident and citizen of the State of California.  Plaintiff worked as a trainer for T-Mobile in California during the relevant period.

3.      Defendant T-Mobile US, Inc. ("Defendant" or "T-Mobile") is a wireless network and cell phone company authorized to conduct and is actually conducting business throughout the State of California, including Sonoma County. T-Mobile has not designated a principal place of business in California.

4.      Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the class.

5.      Plaintiff is informed and believes and thereon alleges that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the

express and/or implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

6.      Venue as to Defendant is proper in this judicial district as T-Mobile is a foreign corporation that has not designated a principal business office in California according to its latest Statement of Information (Foreign Corporation) on file with the California Secretary of State. Defendant maintains branches, facilities and offices from which Defendant transacts business in a variety of locations in this Judicial District, and Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within this judicial district. Defendant has employed Class Members in this judicial district who have also incurred unreimbursed business expenses while conducting Defendant's business in this judicial district during the Class Period.

## FACTUAL ALLEGATIONS

7.      Plaintiff worked for Defendant in California within the liability period.

8.      Plaintiff and similarly situated employees of Defendants was subject to common policies, practices and/or procedures regarding reimbursement of reasonable and necessary expenses, including expenses incurred while employees worked from home during coronavirus pandemic, among other times.

9.      Defendants failed to properly reimburse expenses for employees, including Plaintiff, who worked from home.  Following the outbreak of the coronavirus pandemic in or about March 2020, Defendant had its employees work from home.  Defendant, however, failed to reimburse Plaintiff and the Class for reasonable and necessary business expenses incurred while working from home, including during the coronavirus pandemic.  Plaintiff is informed and believes and thereon alleges that at other time during the statutory period covered by this action employees of Defendant worked from home, incurred reasonable and necessary business expenses and/or losses, and were not reimbursed by Defendant. The business expenses

3

**CLASS ACTION COMPLAINT**

Defendant failed to reimburse Plaintiff and other Class Members for include, but are not limited to, internet, phone, telecommunication/home office equipment (e.g., computers, printers, scanners, monitors, and headsets), personal computer usage, office supplies, utility bills, and/or fair rental value of space used for home office.  Defendant's failure to reimburse expenses incurred while working from occurred before and after the coronavirus pandemic.  Defendant's failure to reimburse for these expenses violated California Labor Code § 2802.

10.     Plaintiff is informed and believes and thereon alleges that Defendant also failed to reimburse other reasonable and necessary expenses, not related to working from home.

11.     Plaintiff is a member of and seeks to be the representative for the group of employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendant's unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

12.     Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> **CLASS**: All current or former employees of Defendant who worked in California in any capacity who incurred business expenses as a result of their performance of duties for Defendant while working from home at any time during the statutory period covered by this Complaint to the present.

13.     Excluded from this class are all T-Mobile internal counsel working on or otherwise assisting with the defense of this case and all personnel actively assisting or otherwise consulting with T-Mobile internal and external counsel on this litigation, as well as all T-Mobile officers and directors as well as other executives with authority for making decisions related to this litigation or the policies at issue in this litigation.

14.     Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

15.     This action has been brought and may be properly maintained as a class action, as follows:

4

**CLASS ACTION COMPLAINT**

16.   **Numerosity and Ascertainability of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. While the precise number of employees has not been determined at this time, Plaintiff is informed and believes that Defendant has employed well over 1,000 Class members during the Class Period. The Class is ascertainable in that its members can be identified and located using information contained in Defendant's payroll and personnel records.

17.   **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

    a.   Whether Defendant violated Labor Code § 2802 by failing to reimburse its employees for business expenses incurred while working from home.

    b.   Whether Defendant engaged in unlawful, unfair, or fraudulent practices and violated California Business and Professions Code § 17200 by failing to reimburse for business expenses.

    c.   The nature and extent of class-wide injury and measure of damages.

18.   **Typicality**: Plaintiff's claims are typical of the claims of the Class because Plaintiff was employed by Defendant in California and worked from home without getting reimbursed for business expenses. Thus, Plaintiff was exposed and subjected to the same unlawful business practices as each Class member during the liability period. Plaintiff and the members of the Class she seeks to represent sustained the same types of damages and losses.

19.   **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

20.   **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims.

The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class Member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class Members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

21. The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
**(Violation of Labor Code § 2802)**

22. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

23. California Labor Code§ 2802 provides "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct

6

consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

24.     During the applicable statutory period, Plaintiff and the Class Members incurred reasonable and necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendant.  These business expenses which Plaintiff and Class Members incurred, which were not reimbursed include, but are not limited to, internet, phone, telecommunication/home office equipment (e.g., computers, printers, scanners, monitors, and headsets), personal computer usage, office supplies, utility bills, and/or fair rental value of space used for home office.  Defendant did not reimburse these expenditures or losses to Plaintiff and the Class.

25.     Defendant has failed to fully reimburse Plaintiff and the members of the Class for reasonable and necessary business-related expenses and losses.  Thus, all employees who worked for Defendant from home in California in any position or capacity suffered losses from Defendant's failure to reimburse business expenses, and are part of the Class.

26.     Plaintiff and the Class Members are entitled to recover their unreimbursed expenditures and losses pursuant to Labor Code § 2802.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(Violation of Bus. & Prof. Code §§ 17200, *et seq.*)**

27.     Plaintiff re-alleges and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

28.     Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

29.     Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL.  Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

30.     Defendant's unlawful conduct under the UCL includes, but is not limited to, violating California Labor Code § 2802.  Defendant's fraudulent conduct includes, but is not

7

**CLASS ACTION COMPLAINT**

limited to, issuing wage statements containing false and/or misleading information about the amount of wages or compensation due.  Defendant's unfair conduct under the UCL includes, but is not limited to, forcing its employees to bear the burden of continuing operations when working from home during, among other times, the coronavirus pandemic, by failing to reimburse reasonable and necessary business expenses, as alleged herein.

31.     Plaintiff has standing to assert this claim because she has suffered injury in fact and has lost money as a result of Defendant's conduct

32.     Plaintiff and the Class seek restitutionary disgorgement from Defendant, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For reimbursement of business expenses under Labor Code § 2802 for Plaintiff and all members of the Class;

C. For restitutionary disgorgement pursuant to the UCL;

D. An order enjoining Defendant from further unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.;*

E. Prejudgment interest at the maximum legal rate;

F. For reasonable attorneys' fees and costs under Labor Code § 2802 and/or Code of Civil Procedure §1021.5, and/or pursuant to the common fund/substantial benefit doctrine;

G. Accounting of Defendant's records for the liability period;

H. General, special and consequential damages, to the extent allowed by law;

///

///

1    I.   Costs of suit; and

2    J.   Such other relief as the Court may deem just and proper.

3
4    DATED:  September 27, 2024                **HAFFNER LAW PC**

5                                    By:    /s/ Joshua H. Haffner
                                            Joshua H. Haffner
6                                           Attorneys for Plaintiff and others
                                            Similarly situated
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for himself and the Class Members on all claims so triable.

DATED:  September 27, 2024                    **HAFFNER LAW PC**


                                        By:    /s/ Joshua H. Haffner
                                               Joshua H. Haffner
                                               Attorneys for Plaintiff and others
                                               Similarly situated

10

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
09/30/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _____ M. Cortez _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
T-MOBILE US, INC.; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAULA ZAJONC, an individual; on behalf of themselves and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda Superior Court

CASE NUMBER:
*(Número del Caso):* **24CV093263**

1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua H. Haffner, Haffner Law PC, 15260 Ventura Blvd, Suite 1520, Sherman Oaks, CA 91403, (213) 514-5681

DATE: 09/30/2024   Chad Finke, Executive Officer / Clerk of the Court   Clerk, by _____ , Deputy
*(Fecha)*                                                                *(Secretaria)*                      *(Adjunto)*
                                                                                                M. Cortez
*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joshua H. Haffner, 188652; Trevor Weinberg, 330778<br>Haffner Law PC, 15260 Ventura Blvd., Suite 1520, Sherman Oaks, CA 91403<br><br>TELEPHONE NO.: 213-514-5681      FAX NO.: 213-514-5682<br>EMAIL ADDRESS: tw@haffnerlawyers.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**09/30/2024 at 12:00:00 AM**<br>By: Milagros Cortez,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson COurthouse

CASE NAME:
Paula Zajonc v T-Mobile US, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 24CV093263 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):*

5. This case [x] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: September 27, 2024
Trevor Weinberg
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED** Superior Court of California County of Alameda 09/30/2024 Chad Finke, Executive Officer/Clerk of the Court By: _____ Deputy M. Cortez |
| PLAINTIFF: Paula Zajonc | |
| DEFENDANT: T-Mobile US, Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 24CV093263 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 01/28/2025    Time: 8:30 AM    Dept.: 21
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/30/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _(signature)_ Deputy<br>M. Cortez |
| PLAINTIFF/PETITIONER:<br>Paula Zajonc | |
| DEFENDANT/RESPONDENT:<br>T-Mobile US, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV093263 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Joshua Haffner
Haffner Law, P.C.
15260 Ventura Blvd., Suite 1520
Sherman Oaks, CA 91403

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/30/2024                    By:

_(signature)_

M. Cortez, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT C

1   Chad D. Greeson, Bar No. 251928
    cgreeson@littler.com
2   LITTLER MENDELSON, P.C.
    Treat Towers, Suite 600
3   1255 Treat Boulevard
    Walnut Creek, CA 94597
4   Telephone: (925) 932-2468
    Fax: (925) 946-9809
5
    Attorneys for Defendant
6   T-MOBILE US, INC.

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  PAULA ZAJONC, an individual; on behalf of        CASE NO.  24CV093263
    themselves and all others similarly situated,
12                                                    *ASSIGNED FOR ALL PURPOSES TO THE*
              Plaintiff,                              *HON. NOEL WISE – DEPT. 21*
13
        vs.                                           **ANSWER OF DEFENDANT**
14                                                    **T-MOBILE US, INC. TO PUTATIVE**
    T-MOBILE US, INC.; and DOES 1 through 10,         **CLASS ACTION COMPLAINT**
15  inclusive,
                                                      Complaint filed: September 27, 2024
16            Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

Case No.  24CV093263

1    Defendant T-MOBILE US, INC., ("Defendant") hereby answers the Class Action Complaint

2   ("Complaint") filed by Plaintiff PAULA ZAJONC ("Plaintiff"), on behalf of herself, and other

3   similarly situated employees (the "putative class members"), without waiving its right to remove this

4   action to federal court or compel the case to arbitration, as follows:[1]

5                              **GENERAL DENIAL**

6        Pursuant to Code of Civil Procedure section 431.30, Defendant denies generally and

7   specifically, collectively, and individually, each and every material allegation contained in the

8   Complaint, and denies that Plaintiff, the putative class, or any other person Plaintiff seeks to represent

9   have been injured or damaged in any sum, or at all, as a result of the conduct alleged in the Complaint

10  and further denies that Plaintiff or the putative class are entitled to any damages or relief whatsoever.

11                          **AFFIRMATIVE DEFENSES**

12       Without admitting any of the allegations of the Complaint and without admitting or

13  acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the

14  following additional defenses.  Defendant intends to rely upon any additional defenses that become

15  available or apparent during pretrial proceedings and discovery in this action and hereby reserves the

16  right to amend this Answer to assert all such further defenses.  To the extent that any defenses or legal

17  theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are

18  hereby pleaded in the alternative.  Defendant also expressly denies the existence of any putative class.

19  Defendant thus expressly denies the existence of any such putative class and/or group each and every

20  time it references "Plaintiff" as fully set forth therein.  All defenses asserted are also asserted against

21  some or all of the putative class members except where the claim is asserted only on behalf of the

22  named Plaintiff.

23                        **FIRST AFFIRMATIVE DEFENSE**

24                          **Failure to State a Claim**

25       1.    The Complaint, and each and every cause of action alleged therein, fails, in whole or

26  in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

27

28   [1] T-Mobile US, Inc. is erroneously named as the Defendant in this case.  Plaintiff was actually
     employed by T-Mobile USA, Inc.  T-Mobile US, Inc., is the parent company of T-Mobile USA, Inc.

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

2.                    Case No.  24CV093263
DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**

**Statute of Limitations**

2.      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the applicable statute(s) of limitations, including, but not limited to, Code of Civil Procedure sections 338(a), and 343, Labor Code section, and Business & Professions Code section 17208.

**THIRD AFFIRMATIVE DEFENSE**

**Lack of Jurisdiction**

3.      The Complaint, and each and every cause of action alleged therein, is barred because this Court lacks subject matter jurisdiction over Plaintiff and the putative class claims, including but not limited to due to the settlement in the case entitled *Justin Grant, et al. v. T-Mobile USA, Inc.*, Case No. CV 21-2268-GW-JEMx, United States District Court for the Central District of California, wherein the Court held that it would retain jurisdiction over any of the released claims, which encompass Plaintiff and the putative class claims herein. (Dkt. 99).

**FOURTH AFFIRMATIVE DEFENSE**

***Res Judicata* and Collateral Estoppel**

4.      The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of collateral estoppel and/or *res judicata*.

**FIFTH AFFIRMATIVE DEFENSE**

**Settlement, Payment, or Prior Release**

5.      The Complaint, and each and every cause of action alleged therein, is barred in whole or in part by the defense of settlement or payment and to the extent that Plaintiff and/or some or all of the putative class members have released Defendant from any liability as alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**Claims Discharged**

6.      Defendant alleges that the Complaint, and each cause of action set forth therein, or some of them, are barred because all or a portion of the relief sought by Plaintiff on her own behalf

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

3.    Case No.  24CV093263

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

and/or on behalf of the putative class members were or will be before the conclusion of this action, paid or collected, and therefore, Plaintiff's, the putative class members' claims have been partially or completely discharged.

### SEVENTH AFFIRMATIVE DEFENSE

### Avoidable Consequences – Failure to Mitigate

7.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the doctrine of avoidable consequences because Plaintiff and/or some or all of the putative class members could have taken reasonable steps to avoid or mitigate the damages claimed, such as by not utilizing employee discounts for internet connectivity and telecommunications devices and services, and by reporting any unreimbursed business expenses. Their failure bars and/or diminishes any recovery against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

### Hours Worked

8.     The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Plaintiff and/or some or all of the putative class members are not entitled to any alleged expenses incurred during periods in which Plaintiff and/or putative class members were not actively performing work duties, as defined by the California Labor Code, or otherwise. Defendant further asserts that if Plaintiff and/or all or some of putative class members spent any time on non-work-related activities, including but not limited to personal matters, leisure activities, or other non-work endeavors, Plaintiff and/or all or some of putative class members were not acting in the scope of employment during those times. Therefore, any expenses claiming during these periods are not eligible for reimbursement.

### NINTH AFFIRMATIVE DEFENSE

### Accord and Satisfaction/Full Performance

9.     The Complaint, and each and every cause of action alleged therein, fails because Plaintiff and/or some or all of the putative class members have been fully paid all amounts legally owed by Defendant (including via Defendant's employee discounts related to cell phone service and

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

4.

Case No.  24CV093263

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

other alleged expenses), and by accepting the payments and/or discounts made to them, they have effectuated an accord and satisfaction of their claims.

### TENTH AFFIRMATIVE DEFENSE

**No Irreparable Harm**

10. The Complaint, and each and every cause of action therein, is barred in whole or in part, as Plaintiff and/or some or all of the putative class members have not suffered and will not suffer irreparable harm because of any of the alleged conduct of Defendant, and on that basis, there is no entitlement to injunctive or other relief.

### ELEVENTH AFFIRMATIVE DEFENSE

**Damages or Loss Proximately Caused by Plaintiff and/or the Putative Class Members**

11. Defendant alleges that any damage or loss sustained by Plaintiff and/or the putative class members was proximately caused by their own actions or inactions, including, but not limited to, not utilizing employee discounts for internet and telecommunications devices and services.

### TWELFTH AFFIRMATIVE DEFENSE

**Arbitration—Exclusive Remedy**

12. The Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to the extent some or all of the proposed putative class members contracted to submit all claims against Defendant to binding arbitration under the Federal Arbitration Act (FAA) with a class, collective, and representative action waiver, and, therefore, the exclusive remedy is through final and binding arbitration. *Viking River Cruises, Inc. v. Moriana*, 213 L. Ed. 2d 179, 142 S. Ct. 1906 (2022), reh'g denied, No. 20-1573, 2022 WL 3580311 (U.S. Aug. 22, 2022); *Mandviwala v. Five Star Quality Care, Inc.*, 723 Fed. Appx. 415, 417-18 (9th Cir. 2018).

### THIRTEENTH AFFIRMATIVE DEFENSE

**Expenses Not Subject to Reimbursement**

13. Defendant alleges that if Plaintiff and/or the putative class members she seeks to represent incurred business-related expenses that were not reimbursed, such expenditure was not necessary and/or was not the direct consequence of the discharge of her/their duties related to their employment.

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### Arbitration Agreement

3      14.    As a separate and distinct affirmative defense, Defendant alleges that, to the extent

4   some or all of the proposed putative class members contracted to submit all claims against Defendant

5   to binding arbitration under the FAA, this Court lacks jurisdiction over those claims alleged by those

6   putative class members. *Viking River Cruises, Inc. v. Moriana,* 213 L. Ed. 2d 179, 142 S. Ct. 1906

7   (2022), reh'g denied, No. 20-1573, 2022 WL 3580311 (U.S. Aug. 22, 2022); *Mandviwala v. Five Star*

8   *Quality Care, Inc.*, 723 Fed. Appx. 415, 417-18 (9th Cir. 2018).

9

## FIFTEENTH AFFIRMATIVE DEFENSE

10

### Offset or Credit

11     15.    As a separate and distinct affirmative defense, the Complaint, and each and every cause

12   of action set forth therein, is barred because assuming Plaintiff and/or some or all of the putative class

13   members are entitled to any unpaid reimbursable expenses, Defendant is entitled to a credit or setoff,

14   including, but is not limited to, amounts erroneously overpaid to Plaintiff and discounts provided to

15   Plaintiff and the class, so as to prevent unjust enrichment.

16

## SIXTEENTH AFFIRMATIVE DEFENSE

17

### No Reason to Know of Expense

18     16.    As a separate and distinct affirmative defense, Defendant alleges that any claim for

19   penalties pursuant to Labor Code section 2802 is barred, in whole or in part, because Defendant did

20   not know, and had no reason to know, of the unreimbursed expenses claimed.

21

## SEVENTEENTH AFFIRMATIVE DEFENSE

22

### Unfair Business Practices – Lack of Standing

23     17.    Plaintiff suffered no cognizable injury under California Business and Professions Code

24   section 17200 *et seq*. and therefore lacks standing to pursue a representative or class action thereunder.

25

## EIGHTEENTH AFFIRMATIVE DEFENSE

26

### Unfair Business Practices – Due Process

27     18.    The prosecution of a representative action on behalf of the general public under

28   California Business and Professions Code section 17200, *et seq*., as applied to the facts and

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

6.                    Case No.  24CV093263

circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, and right to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

### Unfair Business Practices – Adequate Remedy at Law

19.     Plaintiff has an adequate remedy at law and therefore is not entitled to restitution or other equitable relief.

## TWENTIETH AFFIRMATIVE DEFENSE

### Unfair Business Practices – No Restitution

20.     Plaintiff cannot assert a claim for restitution where she did not incur any additional out-of-pocket expenses related to the discharge of her duties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Class Action – Violation of Due Process

21.     Defendant alleges that certification of a class action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Duty of Employee

22.     As a separate and distinct affirmative defense, the Complaint, and each and every cause of action alleged therein, fails to the extent Plaintiff, and/or some or all of the putative class members breached duties owed to Defendant under California Labor Code sections 2850-2866.

### Right to Assert Additional Affirmative Defenses

Defendant hereby reserves the right to assert any affirmative or additional defenses they discover during the course of this litigation and prays that the Court afford it leave to amend its Answer and upon a timely motion requesting the ability to do the same.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays as follows:

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

7.        Case No.  24CV093263

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1.     Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.     The putative classes that Plaintiff seeks to represent not be certified;

3.     Plaintiff and the putative class members take nothing by way of this action;

4.     Judgment be entered in Defendant's favor;

5.     Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

6.     Defendant be awarded further relief as the Court deems just and proper.

DATED:  October 31, 2024

CHAD D. GREESON
LITTLER MENDELSON P.C.

Attorneys for Defendant
T-MOBILE US, INC.

4860-8667-3397.1 / 066431-1167

LITTLER
MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA
94597
925.932.2468

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

## PROOF OF SERVICE

2

I, the undersigned, state:

3

I am employed in the City and County of San Francisco, State of California.  I am
over the age of 18 years, and not a party to the within action.  My business address is LITTLER
MENDELSON, P.C., 101 Second Street, Suite 1000, San Francisco, CA 94105; my email address is
jrsmith@littler.com.

4

5

On October 31, 2024, I served the foregoing document(s) described as:

6

7

**ANSWER OF DEFENDANT T-MOBILE US, INC. TO PUTATIVE CLASS ACTION
COMPLAINT**

8

on the interested parties addressed as follows:

9

10

Joshua H. Haffner, Esq.                  *Attorneys for Plaintiff Paula Zajonc,*
Trevor Weinberg, Esq.                    *and all others similarly situated*
HAFFNER LAW PC
15260 Ventura Blvd., Suite 1520
Sherman Oaks, CA  91403                  Telephone: (213) 514-5681

11

12

Email:
jhh@haffnerlawyers.com
tw@haffnerlawyers.com

13

14

15

☐   **VIA OVERNIGHT DELIVERY**:  I enclosed the documents in an envelope or
package provided by an overnight delivery carrier and addressed to the person(s) at
the address(es) listed above.  I placed the envelope or package for collection and
overnight delivery at an office or a regularly utilized drop box of the overnight
delivery carrier.

16

17

18

☐   **VIA U.S. MAIL:**  I enclosed the document(s) in a sealed envelope or package
addressed to the person(s) at the address(es) listed above and placed the
envelope(s) for collection and mailing, following our ordinary business practices.  I
am readily familiar with Littler Mendelson, P.C.'s practice for collecting and
processing correspondence for mailing.  On the same day that correspondence is
placed for collection and mailing, it is deposited in the ordinary course of business
with the United States Postal Service, in a sealed envelope with postage fully
prepaid.

19

20

21

22

☐   **VIA FAX TRANSMISSION**:  Based on an agreement of the parties to accept
service by fax transmission, I faxed the documents to the persons at the fax
numbers listed above.  No error was reported by the fax machine that I used.

23

24

☒   **VIA ELECTRONIC MAIL:**  Pursuant to CCP § 1010.6, I served the foregoing
document(s) by emailing the document(s) to each of the following e-mail addresses
and the transmission was reported as complete and without error. My email address
is jrsmith@littler.com.

25

26

Email:
jhh@haffnerlawyers.com
tw@haffnerlawyers.com

27

28

CASE NO.  24CV093263

PROOF OF SERVICE

☐ **VIA MESSENGER SERVICE**:  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

**DECLARATION OF MESSENGER**:  I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed above.  For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening; for a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.  At the time of service, I was over 18 years of age.  I am not a party to the above-referenced legal proceeding.  I served the envelope or package, as stated above on October 31, 2024.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____          _____

Signature of Declarant/Messenger

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 31, 2024, at San Francisco, California.

_____
JEFF SMITH

4878-3845-0165.1 / 066431-1167

LITTLER MENDELSON P.C
101 Second Street
Suite 1000
San Francisco, CA 94105
(415) 433-1940.

2.

CASE NO.  24CV093263

PROOF OF SERVICE

# EXHIBIT D

1   CHAD GREESON (SBN 251928)
    LITTLER MENDELSON P.C.
2   Treat Towers, Suite 600
    1255 Treat Boulevard
3   Walnut Creek, CA 94597
    Telephone: (925) 932-2468
4
    Email: cgreeson@littler.com
5

6   Attorneys for Defendant
    T-MOBILE US, INC.
7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  PAULA ZAJONC, an individual; on        Case No.
    behalf of themselves and all others
12  similarly situated,                    **DECLARATION OF MONICA
                                           FROHOCK IN SUPPORT OF
13              Plaintiff,                  NOTICE OF REMOVAL TO
                                           FEDERAL COURT BY
14          v.                             DEFENDANT T-MOBILE US, INC.**

15  T-MOBILE US, INC.; and DOES 1
    through 10, inclusive,                 Complaint filed: September 27, 2024
16                                         (Alameda County Superior Court
                Defendant.                 Case No.: 24CV093263)
17

18

19

20

21

22

23

24

25

26

27

28
                                              DECL. OF MONICA FROHOCK ISO
                                           NOTICE OF REMOVAL TO FEDERAL
                                                              COURT

I, Monica Frohock, declare and state as follows:

1.      I, Monica Frohock, am over 18 years of age, and have personal knowledge of the following facts, and if called to testify, I could and would competently testify to these facts.  I am giving this declaration voluntarily, without any threat of harm or promise of reward. The information in this declaration is true and correct.

2.      I am the Sr. Director, Employee Services for T-Mobile USA, Inc. ("T-Mobile").  I work out of T-Mobile's corporate office located in Overland Park, Kansas. I began in this role with T-Mobile on December 27, 2020. Prior to December 27, 2020, I worked for T-Mobile as the Director of Executive Compensation and Payroll. I remained in that role from October 12, 2019, through December 26, 2020.

3.      In my position as Sr. Director, Employee Services, I have access to T-Mobile's business records, including records reflecting the number of employees employed by T-Mobile in the State of California, as well as the start and end date of each employee, their employment status, duties and responsibilities, and more.

4.      T-Mobile US, Inc. is incorporated in the State of Delaware, with its principal place of business located in Bellevue, Washington. Plaintiff, Paula Zajonc, was employed by T-Mobile USA, Inc. T-Mobile US, Inc. is the parent company of T-Mobile USA, Inc.

5.      Similarly, T-Mobile USA, Inc. is also incorporated in the State of Delaware, with its principal place of business in Bellevue, Washington. Key executives of T-Mobile US, Inc. and T-Mobile USA, Inc. are domiciled at the Company's Bellevue, Washington headquarters. T-Mobile US, Inc. and T-Mobile USA, Inc.'s strategies, operational goals, and initiatives are developed and adopted in the Washington headquarters. Bellevue, Washington also is the actual center of direction, control and coordination for Defendant T-Mobile US, Inc. and T-Mobile USA, Inc.'s operations.

6.      T-Mobile's records indicate that, between September 27, 2020, and September 27, 2024, T-Mobile employed in excess of 14,500 employees within the State of California. Of those

DECL. OF MONICA FROHOCK ISO
NOTICE OF REMOVAL TO FEDERAL
COURT

employees, there are in excess of approximately 1,500 employees that had, at one point during the class period, a "CA-Remote" work location designation in T-Mobile's HR system.

7.      Those 1,500 employees worked at least approximately 42,549 months with a "CA-Remote" designation between September 27, 2020, and September 27, 2024. Of these employees, some continue to work for T-Mobile and continue to work remotely.

8.      Certain T-Mobile employees also had the option to work at home during the COVID pandemic from approximately September 27, 2020, until no later than April 3, 2022, when most employees were expected to return to in-office work. Many factors, including but not limited to line of business, local regulations, and personal circumstances, affected when employees were expected to return to the office.

9.      From the period between September 27, 2020, and April 3, 2022, Defendant employed at least *another* 1,510 California employees who had the option to work at home at points during that period even though they were not designated as "CA-Remote" employees. Those employees worked at least approximately 6,800 months between September 27, 2020, and April 3, 2022.

I declare under the penalty of perjury under the laws of the State of Kansas and the United States that the foregoing is true and correct.

Executed this _____ day of November 2024, at ___Overland__.Park, KS
                    11/1/2024

_Monica Frohock_
_____
Monica Frohock
T-Mobile US, Inc.

DECL. OF MONICA FROHOCK ISO
NOTICE OF REMOVAL TO FEDERAL
COURT